JANVIER, Judge.
The automobile collision from which this suit results took place in New Orleans on the upper driveway of Elysian Fields Avenue at the intersection of Chartres Street, at about seven o’clock in the morning, on August 19, 1952.
Elysian Fields Avenue is a very wide double driveway neutral ground thoroughfare extending from the Mississippi River, on the one end, to Lake Pontchartrain on the other. Chartres Street is a single roadway street which parallels the Mississippi River and crosses Elysian Fields Avenue at a right angle. Below Elysian Fields Avenue, Chartres Street is a two-way street, but from the upper side of Elysian Fields Avenue it becomes a one-way street with traffic limited to that proceeding in a downriver direction.
Plaintiff, George Doescher, was driving his Hudson Sedan on Chartres Street in an up-river direction and had crossed the lower roadway and the neutral ground of Elysian Fields Avenue, and, because at that point Chartres Street traffic was limited to vehicles going in the down-river direction, it was necessary that he turn to his left into the upper roadway of Elysian Fields Avenue.
The pickup truck of defendant, Leonard J. Seal, driven by his employee, Patrick H. Bailey, was on its way toward the river on the upper side of Elysian Fields Avenue, and just as it was passing the intersection, or just after it had passed, plaintiff’s car emerged from the neutral ground area, the two vehicles came into collision, and each sustained damage.
Doescher brought this suit against Seal, doing business as Southern Seafood Company and against Marquette Casualty Company, alleging the latter to be the liability insurance carrier of the former, praying for solidary judgment against both defendants for $120, the cost of repairing his car, and alleging that the accident had been caused by the negligence of Seal’s employee “in running at an excessive rate of speed,” in “failing to avoid an accident in which he had the last clear chance * * and “in running into an automobile coming across and over railroad tracks * *
Seal and his insurance carrier, Marquette Casualty Company, denied any negligence on the part of Bailey, and averred that the collision was caused by the negligence of Doescher himself “in not having and keeping his car under proper control,” in “not keeping a proper lookout,” in “not *186 yielding the right of way to defendant’s truck,” in “coming off a neutral ground into a line of traffic on a boulevard street,” and “in driving into the side of defendant’s truck.”
Seal, then assuming the position of plaintiff in reconvention, prayed for judgment against Doescher, alleging that the accident had resulted from fault on the part of Doescher in the particulars above set forth, and averring that his truck had been damaged to the extent of $119.94.
While the amount of the award was not fixed in the verdict, it was in effect conceded that the repairs to plaintiff’s car had cost $120 and judgment, based on the verdict, .was rendered for that amount. .A motion for a new trial was. made and denied, and both Seal and Marquette Casualty Company appealed devolutively and sus-pensively.
The record contains only the testimony of the two drivers and a stipulation as to what the extent of the damage would be if available testimony should be offered.
Counsel for all parties joiiitly offered the City traffic ordinance in evidence.
Doescher says that when he reached the neutral ground of Elysian Fields Avenue, before entering the upper roadway and turning to his left, he looked to his right and saw Seal’s truck approaching at a distance of about 150 feet; that he therefore turned to his left into the roadway of Elysian Fields Avenue and had proceeded about 10 or 15 féet when the Seal truck, at a high rate of speed, crashed into the right front of his car causing the damage on which this suit is based.
Bailey, on the other hand, the driver of the truck, says that he was proceeding towards the river on the upper roadway of Elysian Fields Avenue and that the Doescher car crashed into the side of the truck just as it was passing the intersection.
The photographs of the two cars leave no doubt whatever that the Doescher car crashed into the side of the Seal truck. In spite of the statements by counsel for Doescher that the photographs show that the right front fender and the right headlight and bumper were pulled forward and that this must have indicated that the Seal-truck was attempting to pass the Doescher car, the photographs leave no doubt that the right front portion of the Doescher car was not ■ pulled forward but was crushed backward-when it crashed into the side of the Seal truck. We have no doubt at all that Doescher, the plaintiff, was at fault.
On the other hand, we think that it is quite evident from the testimony and from the photographs that the driver of the firuck of defendant was not negligent. He saw the Doescher car in the intersection and had every reason to believe that he could pass in safety. At the last moment and when he could no longer stop, Doescher drove his car into the roadway directly into the side of the truck.
While there is in the record no actual testimony as to the cost of repairing the truck, there is a stipulation to the effect that someone from the automobile company which made the repairs would, if placed on the stand, identify the bill which was rendered. The bill, which is in evidence, shows that the repairs cost $119.94.
The judgment appealed from is annulled, avoided and reversed, and it is now ordered, adjudged and decreed that the suit of plaintiff is now dismissed at his cost and there is judgment in reconvention in favor of plaintiff in reconvention, Leonard J. Seal, and against George Doescher in the sum of $119.94, with interest from judicial demand, and for all costs.
Reversed.